IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA



FILED
JUN - 4 2012
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By:_____
Deputy Clerk

| | |
|---|---|
| AMERICAN NATURAL RESOURCES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMTEX OIL AND GAS, INC., a Texas corporation, and<br>MANAGED PETROLEUM GROUP, INC., a Texas corporation,<br><br>Defendants. | Case No. CIV-11-386-RAW |

## ORDER

Before the court is the motion to dismiss, or in the alternative, to stay proceedings pending the outcome of concurrent state court litigation filed by Defendants, Amtex Oil and Gas, Inc. ("Amtex") and Managed Petroleum Group, Inc. ("MPG") [Docket No. 25]. Defendants move for the court to dismiss this case "for reasons of wise judicial administration" "due to the presence of concurrent state proceedings" or to stay this case pending the outcome in the state court proceedings.

**THE COMPLAINT IN THIS ACTION**

According to the Complaint in this case, on April 2, 2008, Plaintiff and Defendants entered into a Joint Operating Agreement ("JOA"), which designates Plaintiff as the Operator of certain lease/wells and designates Defendants as non-operating participants. Pursuant to the JOA, the Operator is to propose any drilling or development to each non-operator. The non-operators then have thirty days to notify the Operator of their intent to participate. If a non-

operator elects not to participate, upon commencement of the operations, that non-operator is deemed to have relinquished ownership and interests in the well to the participating parties. Under the JOA, a non-participating party is to assign its interests back to the participating parties.

Plaintiff further claims that on April 4, 2011, pursuant to the JOA, it sent a proposal for work on certain wells, providing an opportunity for Defendants to elect to participate. Plaintiff alleges that neither Defendant timely elected to participate and that Plaintiff proceeded with the work pursuant to the JOA. Plaintiff claims that pursuant to their election to not participate, Defendants have lost all right, title and interest in the subject wells. Plaintiff lists three causes of action in its Complaint: (1) cancellation of Amtex's interests in the subject wells; (2) cancellation of MPG's interests in the subject wells; and (3) breach of agreement based on Defendants' failure to reassign their interests.

## THE COMPLAINT IN THE STATE ACTION

Plaintiff also has an action pending in state court against Amtex and Transpro Energy, LLC ("Transpro"). The action concerns the same JOA entered on April 2, 2008. Plaintiff's Amended Petition states that on September 27, 2010, Amtex informed Plaintiff by letter that the working interest owners voted that same day to replace Plaintiff as the Operator with Transpro. Plaintiff argues that Amtex did not have proper cause under the JOA to remove Plaintiff as the Operator. Plaintiff also argues that in connection with its duties as Operator, it developed and implemented proprietary and confidential methods of de-watering the wells. Plaintiff maintains that if Transpro is allowed to take over as Operator, Amtex will violate the terms of their confidentiality agreement by providing its trade secrets pertaining to de-watering the wells to

2

Transpro.

Plaintiff seeks a declaratory judgment finding that sufficient grounds did not and do not exist to remove Plaintiff as the Operator. Plaintiff also claims that Amtex breached the JOA by purportedly removing Plaintiff as Operator without sufficient grounds. Plaintiff further seeks injunctive relief in the form of a temporary restraining order, temporary injunction and permanent injunction, prohibiting Amtex from removing Plaintiff as Operator and from disseminating Plaintiff's trade secrets to Transpro, and prohibiting Transpro from taking over as Operator and from acquiring access to Plaintiff's trade secrets via the wells or Amtex or other working interest owners.

## ANALYSIS

In support of their argument that the court should dismiss or stay this action, Defendants rely upon Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) and State Farm Mutual Automobile Insurance Co. v. Schloles, 601 F.2d 1151 (10th Cir. 1979). Generally, when there is concurrent state and federal jurisdiction, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation, 424 U.S. at 817 (citation omitted).

In deciding whether to dismiss an action in the face of concurrent litigation in a state court, the court may consider, *inter alia*, the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums. Id. at 818. "Only the clearest of justifications will warrant dismissal." Id. at 819. The court does not believe that justifications warranting dismissal exist here. The claims in

this action are separate and distinct from those in the state court action. Accordingly, the court declines to dismiss this action.

Nevertheless, the court recognizes that the outcome in the state court lawsuit will certainly impact this action. Most importantly, if the outcome of the state court action is that Plaintiff was properly removed as the Operator in September 2010, then Plaintiff's claims in this action fail. The parties have expended considerable time and resources before the state court to have that case decided. Moreover, as Defendants argue, there are no federal questions at issue in either case. It would be an extremely inefficient use of judicial resources for this court to simultaneously consider whether Plaintiff was properly removed as the Operator in September 2010. Accordingly, the court will stay this action pending the outcome in the state action.

**CONCLUSION**

Accordingly, Defendants' motion to dismiss, or in the alternative, to stay proceedings pending the outcome of concurrent state court litigation [Docket No. 25] is DENIED in part and GRANTED in part. This action is stayed pending the outcome of the litigation pending in the District Court of Seminole County styled and numbered as American Natural Resources, LLC v Amtex Oil and Gas, Inc., and Transpro Energy, LLC, Case No. CV-2010-43.

The parties shall file a joint status report every sixty (60) days, the first report being due August 3, 2012. The status report shall include what the parties have done in the past 60 days to move forward in the state court case, their estimation of the date of resolution of that case, and what discovery has been conducted to move forward in this case. The court notes that while it is staying this case pending the outcome of the state court action, the parties shall proceed with

discovery that would naturally be done along with the discovery in the state court action. For instance, if a person is deposed for purposes of the state court action who would also have information regarding this action, the parties should proceed with those issues as well.

IT IS SO ORDERED this 4th day of June, 2012.

*Ronald A. White*
**HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**